BOUTALL, Judge.
Appellant seeks judicial review of a decision of the trial court affirming an administrative denial of his application for unemployment compensation benefits, LSA-R.S. 23:1601, et seq. We affirm.
Clarence Blanchard was hired by appel-lee Southern Offshore Technical Services, Inc. (SOTEC) in 1982 as a part time draftsman. Shortly thereafter, Blanchard was approached by the president of SOTEC regarding full time employment. Included in that offer was the fact Blanchard might have to perform tasks other than drafting. Blanchard accepted the offer but stated he didn’t mind doing the other tasks as long as it was not on a permanent basis. Blanchard did indeed perform tasks other than drafting during the course of his employment. The record reflects SOTEC is a small business and all of the employees performed miscellaneous tasks in addition to their regular jobs. The record also reflects that the amount of drafting work available fluctuated from week to week, due to the nature of the business. Gradually, Blanchard became dissatisfied with this arrangement and asked his employer if he could work part time doing only drafting work. SOTEC agreed but Blanchard still was not satisfied. Finally, Blanchard approached his employer with three options: either lay him off, find “some better *1323 type work” for him, or accept his resignation. He was told he could not be laid off since he was SOTEC’s only draftsman. Blanchard then resigned and applied for unemployment compensation benefits.
The Gretna branch of the Office of Employment Security, Louisiana Department of Labor denied Blanchard’s claim on the basis his resignation was without good cause connected with his employment, R.S. 23:1601(1). Blanchard filed an administrative appeal, which was conducted before an appeals referee. The referee affirmed the finding that Blanchard was properly disqualified from receiving benefits. This decision was appealed to the Louisiana Board of Review which likewise affirmed. Blanchard then filed a petition for judicial review in the district court, and at this point, the Office of Employment Security filed an Answer and Return in Judicial Review. In that answer, the Office requested that the decision of the Board of Review be reversed. This is the first action taken by the Office since its Gretna branch first denied Blanchard’s application for benefits. The Office also filed a brief in this appeal, seeking the same relief.
The trial judge, after conducting a hearing in accordance with R.S. 23:1634, reviewed the record and considered the applicable law, and rendered the following reasons for judgment:
Judicial review of an administrative decision of the Louisiana Board of Review involves two essential questions:
1) Was the Board of Review’s decision based on sufficient competent evidence and
2) As a matter of law, did the finding of fact justify the decision of the Board of Review?
The Court finds it apparent from a review of the administrative hearing that the evidence presented was sufficient and competent. Petitioner and two of his employers testified fully to the facts and conditions concerning petitioner’s term of employment. Suitable work records were also presented.
LSA-R.S. 23:1601(1) states that an individual shall be disqualified for benefits if the administration finds that he has left his employment without good cause connected with his employment. Dissatisfaction with working conditions does not constitute good cause unless the dissatisfaction stems from 1) discriminatory, unfair or arbitrary treatment 2) a transfer from available work to work of a substantially different nature 3) a transfer to work under less favorable conditions or 4) an unjustifiable change in wages or working conditions from what was agreed on at the commencement of employment. First, petitioner was denied a layoff simply because he was the only draftsman. His services were critical even though the drafting workload was not always sufficient to fully occupy his time. Second, petitioner understood at the beginning of his employment that he would have duties other than drafting. There was no substantial change in the working arrangement or duties throughout the term of his employment. Therefore, as a matter of law, it is the opinion of the court that the finding of fact justified the decision of the Louisiana Board of Review.

We have reviewed the record before us, including the findings of fact rendered in the administrative process, and the applicable law, and conclude that appellant is not entitled to the relief he seeks. Moreover, we fully agree with the trial court’s judgment and adopt its reasons for judgment as our own.
R.S. 23:1634 provides that the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. The Board found that Blanchard’s working conditions did not change over the course of his employment; thus Blanchard’s resignation was without good cause connected with his employment. The district court agreed with this determination, and so do we. *1324 Thus, we hold that the factual findings are supported by sufficient evidence in the record, and that these facts support the decision below. Accordingly, we affirm.
AFFIRMED.